UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:25-CR-131 |
| | ) | |
| vs. | ) | |
| | ) | |
| XANA DAYANAE DOVE, | ) | |
| | ) | |
| Defendant. | ) | |
| ______________________________ | ) | |

# TRANSCRIPT OF PLEA AND RULE 11 HEARING
BEFORE THE HONORABLE SUSAN C. RODRIGUEZ
UNITED STATES MAGISTRATE JUDGE
OCTOBER 8, 2025

APPEARANCES:

On Behalf of the Government:

DANA OWEN WASHINGTON, ESQ.
United States Attorney's Office
227 West Trade Street, Suite 1700
Charlotte, North Carolina 28202

On Behalf of the Defendant:

W. ROB HEROY, ESQ.
Goodman Carr Laughrun Greene Heroy, PLLC
301 South McDowell Street, Suite 602
Charlotte, North Carolina 28204

Digitally recorded proceedings transcribed by:

Cheryl A. Nuccio, RMR-CRR
Official Court Reporter
United States District Court
Charlotte, North Carolina

P R O C E E D I N G S

(Transcript of proceedings digitally recorded on October 8, 2025.)

THE COURT: Mr. Washington, welcome.

MR. WASHINGTON: Good morning, Your Honor.

THE COURT: Mr. Heroy, welcome. How are you?

MR. HEROY: Good. How are you doing?

THE COURT: Good. Good to see you.

All right. We are here in the matter of United States versus Dove. We are here for the defendant's plea hearing today and so, of course, this marks a very important day for you, your plea hearing, and the Court is charged with making sure your plea is knowingly and voluntarily made so I'm going to ask you a series of questions to make sure that's the case, that your plea is knowingly and voluntarily made.

So if you would like to follow along with me, the questions that I'm going to ask you are in the binder in front of you. You're going to have the one that's marked plea agreement. You're welcome to just listen to my questions as well, but some people find it helpful to follow the questions.

At this time I'm going to ask Madam Clerk to place you under oath.

(Defendant sworn.)

THE COURT: All right. You can go ahead and have a seat.

All right. Ms. Dove, do you understand that you're under oath and that you're required to give truthful answers to the questions I'm about to ask?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if you give false information under oath, you may be prosecuted for perjury or false statement?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. Mr. Heroy, do me a favor. The microphone is kind of sticking up right now. If you can bring it a little closer.

MR. HEROY: Certainly.

THE COURT: The volume is fine. I just want to make sure we've got a clear record.

All right. After consulting with your attorney, do you want this Court to accept your guilty plea, and that is to count one as set forth in the bill of indictment?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand that you have the right to have a U.S. district judge conduct this proceeding?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, recognizing your right to proceed before a district court judge, do you expressly consent to proceed in this Court, that is, before a U.S. magistrate judge?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you now under the influence of alcohol, medicines or drugs of any sort?

THE DEFENDANT: No, ma'am.

THE COURT: Is your mind clear and do you understand that you're here to enter a guilty plea in your case?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you received a copy of the bill of indictment and have you discussed its contents with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. At this time I'm going to go over the charge with you one final time and then I'll also go over the penalties. I'll note that the penalties are also included in your plea agreement.

So count one is a charge for false statement during the purchase of a firearm. It specifically alleges on or about May 25 of 2023, in Gaston County, within the Western District of North Carolina, you, in connection with the acquisition of a firearm, and that was a Springfield Hellcat Pro 9mm pistol from Shooters Express, a licensed dealer of firearms within the meaning of Chapter 44 of Title 18, United States Code, knowingly made a false and fictitious written statement to Shooters Express, which statement was intended and likely to deceive Shooters Express as to a fact material

to the lawfulness of such sale of the said firearm to the defendant under Chapter 44 of Title 18, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearms Transaction Record, to the effect that she was the actual transferee/buyer of the firearm indicated on the Form 4473, when, in fact, as the defendant then knew, she was not the actual transferee/buyer of the firearm.

This is all in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

Now, for that particular violation, it carries a maximum term of 10 years' imprisonment, a $250,000 fine, or both, and not more than 3 years of supervised release.

Mr. Washington, do you agree with those penalties?

MR. WASHINGTON: That's correct. Thank you, Your Honor.

THE COURT: Mr. Heroy, do you also agree with those penalties?

MR. HEROY: I do, Your Honor.

THE COURT: All right. So do you fully understand the charge against you, including the maximum penalties you face if convicted?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, Mr. Heroy, do I need to go over questions 10 and 11?

MR. HEROY: Those are the immigration consequences? We do not, Your Honor.

THE COURT: Okay.

MR. HEROY: She's a U.S. citizen.

THE COURT: Based on your representations, I'll mark those as not applicable. So we'll now be at question 12.

Do you understand that entering a plea of guilty to a felony charge may deprive you, at least for a time, of certain civil rights, such as the right to vote, hold public office, serve on a jury, and possess a firearm?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you spoken with your attorney about how the U.S. Sentencing Guidelines might apply to your case?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand the district court judge will not be able to determine the applicable sentencing guideline range until after a presentence report has been prepared and you have had an opportunity to comment on it?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you also understand that in some circumstances you may receive a sentence that is different, that is, either higher or lower than that called for by the sentencing guidelines?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you also understand that the Court

may order restitution where applicable?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you also understand if the sentence is more severe than you expected or the Court does not accept the government's sentencing recommendation, you will still be bound by your plea and you will have no right to withdraw your plea?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, if your sentence includes imprisonment, do you understand the district court judge may also order a term of supervised release?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you also understand if you violate the terms and conditions of supervised release, which in your case is not more than 3 years, you could be returned to prison for an additional period of time?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand that you have the right to plead not guilty, to have a speedy trial before a judge and jury, to summon witnesses to testify on your behalf, and to confront witnesses against you?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, if you exercised your right to trial, you'd be entitled to the assistance of a lawyer, would not be required to testify, would be presumed innocent and the

burden would be on the government to prove your guilt beyond a reasonable doubt. Do you understand all of these rights?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, by entering this plea of guilty, you're waiving or giving up these rights. There will be no trial. If your guilty plea is accepted, there will be one more hearing where the district court judge will determine what sentence to impose. Do you understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you in fact guilty of count one in the bill of indictment to which you've come to court today to plead guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, Mr. Washington, have the United States and defendant entered a plea agreement in this case?

MR. WASHINGTON: Yes, Your Honor.

THE COURT: All right. If you'll go ahead and put the terms on the record, please.

MR. WASHINGTON: Thank you, Your Honor.

Your Honor, the defendant agrees to enter a voluntary plea of guilty to count one as set forth in the bill of indictment and admits to being in fact guilty as charged in that count.

At the appropriate time the United States will -- if the defendant's plea is found to be voluntarily and knowingly

made, the United States will move to dismiss count two in the bill of indictment.

Your Honor, the defendant certifies that she understands that each and every provision of the plea agreement is a material term whether or not specifically mentioned during this hearing.

Your Honor, with respect to the sentence, the defendant has indicated and certified that she is aware of the statutory maximum sentence as set forth earlier by Your Honor during this proceeding.

With respect to the sentencing guidelines, Your Honor, the parties agree that they will jointly recommend that the Court make the following findings and conclusions.

The United States agrees that if the defendant is found by the Court to have accepted responsibility, the United States will acknowledge that defendant's entry of a guilty plea is timely for purposes of the guidelines.

Your Honor, the parties agree that either party may argue their respective positions regarding any other specific offense characteristics, cross-references or special instructions, reductions, enhancements, departures, and adjustments to the offense level.

The United States will inform the Court and the probation office of all facts pertinent to the sentencing process and will present any evidence requested by the Court.

Your Honor, with respect to forfeiture, the defendant agrees to forfeit via administrative or judicial proceedings all assets listed in the charging documents that were seized during the course of the investigation.

With respect to procedures, Your Honor, the defendant agrees that a federal magistrate judge may conduct the hearing required by Rule 11.

The defendant further stipulates that there is a factual basis as required by that rule for the plea of guilty.

The defendant further stipulates that the defendant has read and understood the factual basis filed with this plea agreement and that the factual basis may be used by the Court, the U.S. Probation Office, and the United States without objection by the defendant for any purpose, including determining the applicable guideline range.

The defendant certifies that she understands that the factual basis filed with the plea agreement does not necessarily represent all conduct relevant to sentencing. The United States may submit to the United States Probation Office a statement of relevant conduct pursuant to the local rules and may present the Court with additional relevant facts prior to or at sentencing.

With respect to waivers, Your Honor, the defendant is aware that the law provides certain limited rights to withdraw a plea of guilty, has discussed those rights with

counsel, and knowingly and voluntarily waives any right to withdraw the plea once the magistrate judge has accepted it.

The defendant, in exchange for concessions made by the United States in this plea agreement, waives all rights to contest the conviction and sentencing in any appeal or post-conviction action, except for claims of ineffective assistance of counsel and prosecutorial misconduct.

This waiver precludes the defendant from challenging the conviction or sentence on any basis of any other claim, including any claim that the statute that the defendant is pleading to is unconstitutional.

Your Honor, this plea agreement is effective and binding once signed by the defendant, the defendant's attorney, and the attorney for the United States.

And there are no other agreements, representations or understandings between the parties in this case other than those explicitly set forth in this plea agreement or noticed to the Court during this hearing.

THE COURT: Thank you, Mr. Washington.

Mr. Heroy, any other terms to the plea agreement you would like to add to the record?

MR. HEROY: No, Your Honor. Thank you.

THE COURT: All right. Ms. Dove, do you understand those to be the terms of your plea agreement and do you agree with those terms?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, Mr. Washington has already alluded to this. He went over paragraph 17. There's a section of your plea agreement entitled "Waivers," but paragraph 17 addresses this in particular and I need to make sure you understand as well.

Has the right to appeal your conviction and/or sentence been expressly waived in the plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Has the right to challenge your conviction and/or sentence in a post-conviction proceeding also been expressly waived in the plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Is that your signature on the plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you aware that a factual basis has been filed in addition to your plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you read this factual basis and do you understand it and agree with it?

THE DEFENDANT: Yes, ma'am.

THE COURT: Has anyone threatened, intimidated or forced you to enter your guilty plea today?

THE DEFENDANT: No, ma'am.

THE COURT: Other than the terms of your plea agreement, has anyone made you promises of leniency or a light sentence to induce you to plead guilty?

THE DEFENDANT: No, ma'am.

THE COURT: Have you had enough time to discuss with your attorney any possible defenses you may have to this charge?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you satisfied with the services of your attorney in this case?

THE DEFENDANT: Yes, ma'am.

THE COURT: Now, you're not required to say anything, but is there anything you would like to say at this time about the services of your attorney?

THE DEFENDANT: He's a good attorney. He made everything very clear.

THE COURT: All right. And have you heard and understood all parts of this proceeding and do you still wish to plead guilty?

THE DEFENDANT: Yes, ma'am.

THE COURT: You're not required to say anything, but do you have any questions or statements you would like to make at this time?

THE DEFENDANT: No, ma'am.

THE COURT: Mr. Heroy, have you reviewed each of the

terms of the plea agreement with the defendant and are you satisfied she understands those terms?

MR. HEROY: I have done so and I'm satisfied.

THE COURT: All right. Very good.

So, Ms. Dove, I've been recording the answers that you provided to the Court. I'm going to have Madam Clerk publish this back to you. I want you to go over it very carefully with your attorney, make sure you agree with all the answers. If there's any changes that need to be made, now is the time to do so; but if you are satisfied, you can go ahead and sign the document at the end. And it's going to be on the screen in front of you.

THE DEFENDANT: Okay. Thank you.

(Pause.)

MR. WASHINGTON: Your Honor, I do have a Consent Order and Judgment of Forfeiture signed by all the parties that I'd like to hand up to the Court.

THE COURT: Right. You may approach.

(Document tendered to the Court.)

THE COURT: All right. So based on the representations and answers given by Ms. Dove and her counsel in this proceeding, the Court finds the defendant's plea is knowingly and voluntarily made; that the defendant understands the charges, the -- or the charge here, the potential penalty and consequences of her plea. The Court further finds

defendant's plea is supported by an independent basis in fact containing each of the elements of the offense to which the defendant is pleading. Based on this I hereby accept your plea.

In addition, I'm going to recommend to the district court judge that he accept your plea and enter judgment thereon. If you have any objection to my recommendation to the district court judge, you'll have 14 days to file such objections in writing with this Court, otherwise it's deemed a waiver. But you remember your plea agreement addresses some of these issues as well.

Mr. Heroy, would you like the defendant interviewed?

MR. HEROY: Yes, Your Honor.

THE COURT: All right. And Mr. Washington also handed the Court a Consent Order and Judgment of Forfeiture. I have reviewed it and do find it acceptable so I went ahead and signed that and I'll ask Madam Clerk to place that on the record.

Mr. Washington, Mr. Heroy, anything further related to Ms. Dove?

MR. HEROY: No, Your Honor.

THE COURT: All right. Thank you, Ms. Dove.

THE DEFENDANT: Thank you.

MR. WASHINGTON: No, Your Honor.

And we would note that we are not asking that her

conditions of bond be revoked at this time.

THE COURT: I thought that might be the case.

So, Ms. Dove, just make sure you continue to comply with your conditions. It sounds like you've done a good job with that so far so just keep that up. And then, of course, you'll have to report back for sentencing at the appropriate time. All right.

MR. WASHINGTON: Thank you, Your Honor.

MR. HEROY: Thank you, Your Honor.

(End of proceedings.)

*****

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CERTIFICATE OF REPORTER

I, Cheryl A. Nuccio, Federal Official Realtime Court Reporter, in and for the United States District Court for the Western District of North Carolina, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the digitally-recorded proceedings, transcribed to the best of my ability, held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 10th day of April 2026.

s/Cheryl A. Nuccio

Cheryl A. Nuccio, RMR-CRR
Official Court Reporter